**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30172 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00020-DLC-1 |
| v. | |
| ROBERT LEWIS WHITE, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30173 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00021-DLC-1 |
| v. | |
| ROBERT LEWIS WHITE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted July 7, 2016[]
Seattle, Washington

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

Robert Lewis White pleaded guilty to distributing and receiving child pornography and was ordered to pay restitution pursuant to 18 U.S.C. § 2259.[1]  We have jurisdiction under 28 U.S.C. § 1291.  "We review de novo the legality of a restitution order and, if the order is within the statutory bounds, we review the amount of restitution for abuse of discretion.  We review for clear error factual findings supporting an order of restitution."  *United States v. Galan*, 804 F.3d 1287, 1289 (9th Cir. 2015) (internal citations omitted).

White is required to pay restitution for "any costs incurred by the victim," including medical services relating to physical, psychiatric, or psychological care and attorneys' fees, 18 U.S.C. § 2259(b)(3), where those losses were proximately caused by his offense. *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014). The government must provide sufficient evidence for the court to estimate the full amount of those losses with "'some reasonable certainty.'"  *United States v.*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] White was also convicted of possession of a firearm not registered in the national firearms registration and transfer record.

2

*Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011) (quoting *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007)).  We reject White's argument that because the victim has not begun treatment, her projected future medical costs are too speculative to substantiate a restitution award.  We do not read § 2259 so narrowly: "The language of the relevant statutes shows that Congress intended to allow district courts to include future counseling expenses in the amount of restitution under section 2259.  Section 2259 is phrased in generous terms, in order to compensate the victims of sexual abuse for the care required to address the long term effects of their abuse." *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999).  Otherwise, "if Congress intended crime victims who required long-term psychological or physical therapy to receive restitution only after they actually paid their therapists, it created a strangely unwieldy procedure in section 3664, which would require a victim to petition the court for an amended restitution order every 60 days for as long as the therapy lasted." *Id.* at 967.  The district court did not err in determining that future medical costs can be estimated with reasonable certainty prior to the commencement of treatment.

We also reject White's challenge to the restitution award.  The district court's passing reference to White's economic circumstances was harmless.  The district court did not improperly take into consideration White's economic

3

circumstances in violation of 18 U.S.C. § 2259(b)(4)(B)(I) and § 3664(f)(1)(A), as the record reflects that the court awarded restitution in accordance with the total amount of the victim's losses.

White also objects to the attorneys' fees portion of the restitution award. Because White did not object to the amount or calculation of the fee award before the district court, we review the district court's award of attorneys' fees for plain error. *See, e.g.*, *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010). In light of the time and expense incurred by the victim's attorney for representation in this case, the district court did not err in awarding attorneys' fees. Although not detailed, the district court's explanation of the basis for the fee award was not plainly erroneous.

**AFFIRMED.**